587 So.2d 1120 (1991)
THE FLORIDA BAR, Complainant,
v.
Francis R. MORSE, Respondent.
No. 75357.
Supreme Court of Florida.
October 10, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
Francis R. Morse, in proper person, and R. Patrick Mirk of Mirk & Brown, P.A., Co-Counsel, Tampa, for respondent.
PER CURIAM.
Both The Florida Bar and Francis R. Morse seek review of the referee's recommended discipline in this matter. We have jurisdiction. Art. V, § 15, Fla. Const.
Morse was engaged in a professional association with an attorney named Dennis Slater, who has since resigned from the Bar. In April of 1985 the firm was hired to represent Rockne Jordan, who had been injured as a pedestrian when he was hit by a car. Slater assumed primary responsibility for the case. A $2500 settlement offer by the driver's insurance company was rejected. Suit was never filed, and the statute of limitations ran. After discovering this error, Slater asked Morse to attempt to negotiate a settlement with the car driver's insurance company. This negotiation proved to be unsuccessful, as the company recognized that the claim was now worthless.
Shortly thereafter, Morse wrote a note to Slater stating as follows: "$2,500.00 offer is now -0-! I will call cl [client] tonight and advise that he would not come above the $2500.00 and he'll have his check in a week  want to try for some kind of release for us?" Morse testified that he probably called Jordan as he told Slater he would do, but neither he nor Jordan remembered the contents of the conversation. Jordan then received a check, drawn on the firm's trust fund account and signed by Morse. The check was in the amount of $2500 and was labeled "final recovery." Morse testified that the check had been blank when he signed it.
The referee recommended that Morse be found guilty of violating Disciplinary Rules 1-102(A)(4), 1-102(A)(6), and 7-101(A)(3) of the former Code of Professional Responsibility, and rules 5-1.1 and 5-1.1(a) of the Rules Regulating The Florida Bar. The recommendation of guilt is not at issue.
Based on a finding of various mitigating circumstances, the referee recommended that Morse receive a suspended sentence of ninety days' suspension, as well as one-year probation and payment of costs. The Bar argues that Morse should be required to serve the suspension. Morse contends that a private reprimand is a more appropriate discipline.
We agree with the Bar that Morse should be required to serve the ninety-day suspension. While Morse did not have a prior disciplinary record, and had been out of law school less than four years when this offense took place, these mitigating factors are outweighed by the seriousness of the offense and the selfish, deceitful motive behind it. Morse conspired to hide his partner's malpractice from their client, *1121 attempting to lead the client to believe that the check was a recovery for his personal injury claim. He signed a blank trust account check, which ultimately led to the use of other clients' money to pay for the firm's malpractice. He never informed the client of the true outcome of his personal injury claim or of the fact that the firm had committed possible malpractice by letting the statute of limitations run, nor did he advise the client to seek other legal counsel, as a conflict of interest had arisen. The fact that Morse was associated with a more senior attorney who had primary responsibility for the case does not significantly lessen his culpability, nor does it eliminate his duty to refrain from deceiving their client.
Accordingly, respondent Francis R. Morse is hereby suspended for a period of ninety days. This suspension shall be effective thirty days from the date of this opinion, thereby giving Morse time to take the necessary steps to wind up his affairs and protect his clients' interests. Morse shall provide notice to his clients of his suspension and shall accept no new business from the date of this opinion. Upon reinstatement, Morse shall be placed on probation for a period of one year, during which time he shall submit to and pay for quarterly trust account audits by the Bar. Judgment for costs in the amount of $2,634.24 is hereby entered against Morse, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs as to guilt and dissents as to punishment.